# UNITED STATES, Plaintiff,

*v.*

# SANTIAGO MICHELANA, Defendant.

IMPORTATION OF FOREIGN LABOR—SUFFICIENCY OF DECLARATION.

1. The acts of Congress relative to importation of foreign labor are highly penal, and are to be strictly construed; and the averments of a declaration seeking the recovery of the penalty must fully cover the case.
2. By the act of March 3d, 1903, Congress evidently intended to prohibit the importation of all labor, skilled or unskilled, save that of the character therein excepted.
3. A declaration under this act, to be sufficient, should aver that the alleged labor or service is not of the character therein excepted.

December 19, 1903.

*Mr. N. B. K. Pettingill* for plaintiff.

*Messrs. Horton & Cornwell* for defendant.

HOLT, Judge, delivered the following opinion:

This is an action of debt to recover the penalty of $1,000 each, for assisting and encouraging the importation of foreign laborers under offer or contract to perform labor in the United States.

The declaration avers that the defendant, Santiago Michelana, on September 16th, 1903, assisted and encouraged the importation and migration into Porto Rico of certain aliens

PORTO RICO—14.

United States v. Michelana.

(naming them), citizens of a foreign country, to wit, San Domingo, in pursuance of an offer, solicitation, promise, and agreement made previous to their importation, to perform labor and service within Porto Rico.

Various objections are made to the declaration by demurrer. *Inter alia,* that the declaration does not aver they were to do manual labor; that it does not aver the defendant had knowledge of the contract when he assisted and encouraged such importation; or aver that the contract was based upon a sufficient or any consideration; or that the persons solicited were alien emigrants; or that they came pursuant to the contract.

There are several acts of Congress upon this subject. Under the act of February 26th, 1885, to prevent the importation and migration of foreigners under contract to perform labor in the United States, entitled "An Act to Prohibit the Importation and Immigration of Foreigners and Aliens under Contract or Agreement to Perform Labor in the United States. Its Territories, and the District of Columbia." (23 Stat. at L. 332, chap. 764, U. S. Comp. Stat. 1901, p. 1290), it was held by the courts it was necessary to aver in a declaration for the penalty that the contract or solicitation or offer was made before the alien emigrated; that he emigrated in pursuance thereof; that the defendant assisted him to emigrate in pursuance thereof, and for the performance of manual or unskilled labor; that the meaning of the words, "labor or service of any kind" in the act meant manual or unskilled labor.

The acts of Congress relative to this subject are highly penal, and are to be strictly construed. The averments of a declaration seeking the recovery of the penalty must fully cover the case. The spirit of the statute is, however, to be regarded in order to reach its true meaning and intent. The mischief to be remedied is to be considered; and it is manifest the construc-

tion by the courts of the words "labor or service of any kind," in the act of 1885, is correct in holding that it referred to manual labor alone. The object was to prevent the importation of pauper or unskilled labor.

It was held in the case of United States v. Laws, 163 U. S. 263, 41 L. ed. 154, 16 Sup. Ct. Rep. 998, that the act of March 3d, 1891, did not change the construction of the act of February 26th, 1885, given by the courts to these words.

It is urged that Congress, however, by the act of March 3d, 1903, changed this, or rather that said act applies to foreign labor and service of all kinds, save that of the character of persons therein excepted, to wit, ministers, etc. Some of these exceptions are, however, made in the act of March 3d, 1891, and yet the Supreme Court held that the act only applied to manual or unskilled labor. The act of March 3d, 1903, however, has a different title from the previous acts; it is more general; it is "An Act to Regulate the Immigration of Aliens into the United States" (32 Stat. at L. 1213, chap. 1012, U. S. Comp. Stat. Supp. 1903, p. 170); it relates to the emigration of all aliens into the United States; and in forbidding the aiding or encouraging of their importation for labor, it uses additional language, to wit, "labor or service of any kind, skilled or unskilled." It is manifest that Congress, being aware of the construction given by the courts to the previous acts, intended to prohibit the importation of all labor and service, skilled or unskilled, save that of the character therein excepted; and a declaration to be sufficient should aver that the alleged labor or service is not of the character therein excepted. This the declaration in this case fails to do. It is true § 4 of the act defines the offense. A distinct section (2) makes the exceptions. It is a rule of pleading, if an exception be stated in a distinct and substantive clause of a statute or a subsequent

### United States v. Michelana.

statute, it is a matter of defense, and need not be negatived in the declaration. But in this instance the exception, to wit, those classes of persons as to whom the penalty is not to apply, is so expressed in the statute as to be a part of the definition of the offense; it is made to apply to the entire statute, and be a part of each section thereof; it by its terms is drawn into the enacting and every clause of it. It provides that the provisions of the law—all of them—shall not apply to certain classes, to wit, actors, ministers, etc. The exception is thus incorporated in the section creating and defining the offense. Nor does the declaration aver that when the defendant assisted and encouraged the alleged importation he knew the alleged aliens were under contract to perform labor and service within Porto Rico. In these respects the declaration is insufficient. It does aver, in substance, that they were emigrants; that the solicitation or agreement was made previous to their importation; and that they were imported into Porto Rico.

Upon the grounds above indicated, the demurrer is sustained.